**In re Henry J. WOOLFORD and Laurie–Jean A. Woolford, Debtors.**

**Henry J. Woolford and Laurie–Jean A. Woolford, Plaintiffs,**

v.

**Wells Fargo Bank, NA, Defendant.**

**Bankruptcy No. 01–34074(ASD).**
**Adversary No. 03–03125.**

United States Bankruptcy Court, D. Connecticut.

May 4, 2004.

Jon C. Leary, Kablik & Leary, P.C., Newington, CT, for Debtor/Plaintiffs.

Mitchell J. Levine, Nair & Levin, P.C., Bloomfield, CT, for Defendant.

## MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT

ALBERT S. DABROWSKI, Chief Judge.

### I. INTRODUCTION

This Memorandum of Decision sets forth the rationale for the Court's determination of a *Motion for Summary Judgment* (hereafter, the "Motion"), Doc. I.D. No. 9, filed by Defendant, Wells Fargo Bank, N.A. (hereafter, "Wells Fargo"). As more fully explained hereafter, notwithstanding the Debtors' failure to file requisite pleadings responsive to the Motion, and the "deemed admitted" consequences thereby attaching to all of Wells Fargo's asserted facts, Wells Fargo's failure to address a fundamental element of Bankruptcy Code Section 523(a)(8) is fatal to the Motion.

### II. JURISDICTION

The United States District Court for the District of Connecticut has subject matter jurisdiction over the instant adversary proceeding by virtue of 28 U.S.C. § 1334(b); and this Court derives its authority to hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1). This is a "core

proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I).

### III. PROCEDURAL BACKGROUND

On August 16, 2001, Henry J. Woolford and Laurie–Jean A. Woolford (hereafter, the "Debtors" or "Plaintiffs") commenced the instant bankruptcy case by filing a joint voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. The Debtors listed a "consolidation loan" in the amount of $62,000.00 to Wells Fargo (hereafter, the "Loan") on Schedule F (Creditors Holding Unsecured Nonpriority Claims). A Discharge Order entered on December 11, and the case was closed on December 27, 2001. On August 21, 2003, the Debtors filed, pursuant to Bankruptcy Code Section 350(b), a *Motion to Re-open Case* (hereafter, the "Motion to Reopen") accompanied by an *Application to Determine Dischargeability of Debt* (hereafter, the "Complaint"). The Complaint sought a determination of dischargeability concerning the Loan, and alleged, *inter alia*, that Wells Fargo had recently initiated a collection action in the Connecticut state courts related to the Loan. By Order dated October 1, 2003, the Motion to Reopen was granted.[1]

On March 18, 2004, Wells Fargo filed the Motion, supported in accordance with applicable local rules by a *Statement of Material Facts as to Which There Is No Genuine Issue* (hereafter, the "Local Rule 56(a)1 Statement"),[2] Doc. I.D. No. 11, and

---

1. *See, e.g., In re Keenom*, 231 B.R. 116 (Bankr. M.D.Ga.1999); *In re Mendiola*, 99 B.R. 864, 870 (Bankr.N.D.Ill.1989). ("There are [only] three ways to litigate dischargeability after a case is closed. First, if a creditor pursues a lawsuit on a claim, the debtor can assert the bankruptcy discharge as an affirmative defense and the court with jurisdiction over that lawsuit can decide whether the debt falls within any of the exceptions to discharge.

*Second, under Bankruptcy Rule 4007(b) either the debtor or the creditor can move to reopen [the] case for the purpose of filing a complaint to determine dischargeability. Third, the debtor can bring an action in this Court to enforce the discharge injunction against a creditor attempting to collect discharged claims...."* (emphasis added)).

2. Wells Fargo filed the Local Rule 56(a)1 Statement pursuant to Local Rule 9(c) which

*Defendant's Brief in Support of Motion for Summary Judgment,* Doc. I.D. No. 10. The Debtors sought and received a 15–day extension of time to respond to the Motion, but have not timely filed the required Local Rule 56(a)2 Statement or otherwise responded to the Motion.[3]

## IV. DEEMED ADMITTED FACTS

The following facts, *inter alia,* are deemed admitted pursuant to Local Rule 56(a)1 as a consequence of the Debtors' failure to submit a timely Local Rule 56(a)2 Statement:[4]

1. On July 25, 1996, the Debtors jointly executed a Consolidated Loan Application & Promissory Note (hereafter, the "Note") for an educational consolidation loan.

2. After the Debtors' execution of the Note, and in reliance thereon, Wells Fargo disbursed $55,592.95 to the Debtors under the Note (hereafter, the "Loan Proceeds").

3. The Debtors have previously represented—both in the Note and in a loan worksheet (hereafter, the "Worksheet")—that the Loan Proceeds were used for educational purposes. For instance, ¶ 10 of the Note states that "I understand that the loan is an education loan ...." In addition, at ¶ 9, the Note contained the following covenant:

> The proceeds of this Note will be used solely for tuition and other reasonable education expenses including, but not limited to fees, books, supplies and equipment, laboratory expenses, transportation and commuting costs, and personal expenses of the student or for the refinancing of debt (Prior Debt) in-

curred solely for payment of the preceding expenses.

Moreover, the Worksheet contained numerous references to the educational nature of the subject loan program, and to the condition that the Loan Proceeds had to be used for educational purposes. As examples, the Worksheet provides as follows: (i) "[p]lease use this worksheet to itemize the education loans you wish to include in your loan consolidation"; (ii) "[y]ou may only consolidate the portion of your credit card which was expended for educational expenses"; (iii) "each loan being refinanced with proceeds of this loan was obtained and used solely for the purpose of financing education expenses."

## V. DISCUSSION

### A. Applicable Law.

Federal Rule of Civil Procedure 56(c), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, directs that summary judgment shall enter when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

When ruling on motions for summary judgment, "the judge's function is not ... to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there are no material facts

---

has been superceded by Local Rule 56(a) (effective January 1, 2003; and amended effective August 1, 2003). For purposes of the determination made herein, Local Rule 56(a) is identical to former Local Rule 9(c).

**3.** The Debtors' responsive pleadings were due, initially and as extended, on April 8 and April, 23, 2004, respectively. *See* Local Rule 7(a)1, made applicable to this proceeding by D. Conn. LBR 1001–1(b).

**4.** See part V. DISCUSSION, *infra.*

in dispute and all reasonable inferences are to be drawn, and all ambiguities resolved in favor of the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

Local Rule 56(a) of the Local Civil Rules of the United States District Court for the District of Connecticut (heretofore and hereafter, "Local Rule(s)") supplements Fed.R.Civ.P. 56(c) by requiring statements of material fact from each party to a summary judgment motion.[5] Under the Local Rule 56(a)1, the material facts set forth in a movant's statement "will be deemed to be admitted unless controverted by the statement required to be filed and served by the opposing party . . . ." Local Rule 56(a) should be "strictly interpreted, and failure to properly controvert facts in opposing a summary judgment motion is an appropriate consideration in granting the motion." *Ross v. Shell Oil Co.*, 672 F.Supp. 63, 66 (D.Conn.1987) (construing former Local Rule 9(c)).

5. Local Rule 56(a), entitled "Motions for Summary Judgment", applicable to this proceeding by D. Conn. LBR 1001–1(b), states in pertinent part as follows:

1. There shall be annexed to a motion for summary judgment a document entitled "Local Rule 56(a)1 Statement", which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2.

2. The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied. The Local Rule 56(a)2 Statement must also include in a separate section entitled "Disputed Issues of Materi-

## B. Analysis of the Present Matter.

Through their Complaint's request for a declaration that the Wells Fargo debt arose from *"an unsecured consolidation loan and not . . . a non-dischargeable student loan"* (emphasis added), Complaint, ¶ 5, the Debtor–Plaintiffs seek to avoid the application of Bankruptcy Code Section 523(a)(8) to such debt. Section 523(a) describes a non-dischargeable student loan, in pertinent part, as follows:

> A discharge under Section 727 . . . of this title does not discharge an individual debtor from any debt—
>
> \*    \*    \*    \*    \*    \*
>
> (8) for an educational . . . loan made, insured or guaranteed by a government unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution . . . .

al Fact" a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

3. Each statement of a material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2 Statement, and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a)1 and 2 Statements in conformity with Fed.R.Civ.P. 56(e). Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in sanctions, including, when the movant fails to comply, an order denying the motion for summary judgment, and, when the opponent fails to comply, an order granting the motion.

\*    \*    \*    \*    \*    \*

 

11 U.S.C. § 523(a)(8) (2001). Thus, Section 523(a)(8) renders a debt non-dischargeable only if two elements are present: (i) the underlying loan was "educational" in nature; and (ii) that loan was made or enabled under the auspices of a governmental unit or non-profit institution.

■ While the summary judgment record before the Court amply supports the educational nature of the Loan, it wholly fails to establish that the Loan was "made, insured or guaranteed by a government unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution". No facts germane to this latter element are presented in the Complaint, the Answer or, of greatest significance to the present matter, the Local Rule 56(a)1 Statement.[6]

Despite the paucity of the record on this critical element, the Court has independently scoured the documents submitted as Exhibits to Wells Fargo's summary judgment submissions (*i.e.* the Note and Worksheet) for information on the auspices of the Loan. The only information bearing on that fact is contained in the "boilerplate" on the reverse of the Note. Paragraph 10 thereof, titled "Miscellaneous", states that the Debtors "understand that [the] loan is made under a program which is funded in whole or in part by a non-profit organization, University Support Services, Inc. . . . ." (hereafter, the "Nonprofit Covenant"). Nonetheless, the Court does not deem such "fact" as established in this matter, as it is not included in any pleading, and more particularly, is not stated or referenced as a separate assertion within the body of the Local Rule 56(a)1 Statement. More fundamentally however, even if the Court were to *deem* the Nonprofit Covenant to be stated in the Local Rule 56(a)1 Statement, it would not establish a *relevant* fact. The fact that the *Debtors* represented that they *understood* the loan to be funded by a nonprofit insti-

tution does not, in fact, make it so. Wells Fargo had the burden on summary judgment to establish actual nonprofit funding, not merely that the Debtors *believed* it to be a fact.

## VI. CONCLUSION

For the foregoing reasons, Wells Fargo's Motion for Summary Judgment must be DENIED.

---

**6.** Nor does Wells Fargo's *Brief in Support of Motion for Summary Judgment* provide any

argument on this element.